FILED
2006 Nov-29 PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

`

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ELIZABETH WILSON,** )<br>)<br>Plaintiff, )<br>)<br>**vs.** )<br>)<br>**T.K. STANLEY, INC., and** )<br>**TRAVELERS INSURANCE,** )<br>)<br>Defendants. ) | Civil Action Number<br>**7:06-cv-4735-UWC** |

### MEMORANDUM OPINION ON THE COURT'S JURISDICTION

Elizabeth Wilson ("Wilson") filed this lawsuit in this Court seeking damages for injuries she sustained during an automobile accident caused by Defendant T.K. Stanley's employee and vehicle, while she was insured by Defendant Travelers Insurance. Wilson has not asserted any claims under federal law; thus, the present Court has jurisdiction over this matter only if the amount in controversy requirement is met.[1]

In her complaint, Wilson does not make a demand for a specified amount of compensatory/punitive damages. Rather, she simply claims that she suffered serious bodily injury, lost wages, medical expenses, emotional distress, and anguish. (Compl. ¶

---

[1] It appears from the complaint that complete diversity exists between the Alabama plaintiff and the Mississippi and Connecticut corporations.

11.)  Wilson does not explain how such claims constitute a controversy in excess of $75,000.

The court is obligated to raise questions concerning jurisdiction *sua sponte*.  *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*.").  When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving <u>by a preponderance of the evidence</u> that the claim on which it is basing jurisdiction meets the jurisdictional minimum.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (abrogated on other grounds)) (emphasis added).

Here, in her complaint Wilson states, "Plaintiff demands judgment against the Defendant, for compensatory damages, plus interests and costs, in an amount to be determined." (Compl. ¶¶ 11, 16, 20, 26.)  Such a bare assertion regarding Wilson's alleged damages is not sufficient to meet her burden with respect to the amount in

controversy. Accordingly, by separate order, this action will be dismissed without prejudice.

 Done the 29th day of November, 2006.

_____
U.W. Clemon
United States District Judge
